# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGILIO GAMBOA, <br><br> Petitioner, <br><br> v. <br><br> J. SALAZAR, Warden, <br><br> Respondent. | Case No. CV 09-03248 DMG (OP) <br><br> **ORDER ADOPTING IN PART FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

On May 8, 2009, Petitioner Virgilio Gamboa filed a Petition for Writ of Habeas Corpus under 28 U.S.C § 2254 challenging an adverse parole decision. The Magistrate Judge issued a Report and Recommendation on May 7, 2010, recommending that the Court grant the Petition. Respondent filed Objections on June 3, 2010. Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, all the records and files herein, the Report and Recommendation ("R&R"), and Respondent's Objections. For the reasons discussed below, the Court concurs with and adopts in part the findings, conclusions, and recommendations of the Magistrate Judge.

Respondent argues that under clearly established federal law, Petitioner is entitled to habeas relief only if California's parole procedures are fundamentally unfair or if the state failed to afford its procedures to Petitioner. (Objections at 2-6.) According to

-1-

Respondent, habeas relief is not warranted because Petitioner does not dispute the adequacy of the procedural protections that California provides in the parole context or that he received those protections. (*Id.* at 6.) Both the Ninth Circuit and Supreme Court, however, have rejected this argument. *See Cooke v. Solis*, 606 F.3d 1206, 1213 (9th Cir. 2010) ("State parole systems may create liberty interests in parole release that are entitled to protection under the Due Process Clause. California's 'some evidence' requirement is a component of the liberty interest created by the parole system of that state." (internal quotation marks omitted; quoting *Bd. of Pardons v. Allen*, 482 U.S. 369, 371, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987))), *petition for cert. filed*, No. 10-333 (Sept. 2, 2010).

Respondent also argues that the Magistrate Judge erred by reading *Hayward v. Marshall*, 603 F.3d 546 (9th Cir.2010) (*en banc*), as holding that federal habeas relief is available based on how the state courts substantively applied a state-created parole procedure, *i.e.*, that habeas relief should be granted where "there is not 'some evidence' of future dangerousness." (Objections at 6 (quoting R&R at 12) (quotation marks omitted).) Again, the Ninth Circuit has expressly rejected Respondent's stance. "[F]ederal habeas courts *must* decide whether the California judicial decision approving the [parole board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Pearson v. Muntz*, 606 F.3d 606, 608 (9th Cir. 2010) (*per curiam*) (quoting *Hayward*, 603 F.3d at 563) (internal quotation marks omitted).

As to the merits of Petitioner's claims, the Court adopts the Magistrate Judge's Report and Recommendation. With regard to the recommended remedy—an additional parole hearing in which the parole board is ordered to grant parole unless new evidence supports a different result—the Court finds that an additional parole hearing would not be a good use of scarce state resources. Thus, the Court finds that the most appropriate remedy is to order the board to set a parole date for Petitioner. *See Pirtle v. Cal. Bd. of Prison Terms*, 611 F.3d 1015 (9th Cir. 2010) (holding that "the district court's remedy of

1 ordering the Board to set a parole date within thirty days was proper"). If Petitioner's circumstances have changed such that parole is no longer warranted, the state may initiate parole revocation proceedings or other measures as provided under state law.

In light of the foregoing:

1. The Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge as to the merits of the Petition;
2. The Petition is GRANTED; and
3. The Board of Parole Hearings shall set a parole date for Petitioner within thirty days from the date of this order.

IT IS SO ORDERED.

DATED: September 30, 2010

/s/ Dolly M. Gee
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE